Whitaker, Senior Judge,
delivered the opinion of the court:
Plaintiff sues for the retainer pay to which he claims he is entitled as a Fleet Reservist. His suit covers the period from December 6, 1961, the date of our former judgment in the case of Smith v. United States, 155 Ct. Cl. 682, to the date of our judgment in this case.
Defendant filed a motion to dismiss on the ground that the Secretary of the Navy has refused to transfer plaintiff to the Fleet Reserve and, hence, he is not a member thereof, and, therefore, not entitled to retainer pay.
Plaintiff says that our former opinion allowing him the retainer pay of a Fleet Reservist is res judicata in this case. This is the issue to be decided.
*464 In. the former case, reported in 155 Ct. Cl. 682, we held that plaintiff had been wrongfully discharged in that plaintiff had been denied his procedural rights. We awarded him a judgment for active duty pay up to the date of the expiration of his enlistment and thereafter retainer pay to which a Fleet Reservist would be entitled up to the date of judgment. In awarding plaintiff retainer pay, the court acted upon the assumption that if plaintiff had been permitted to continue to serve throughout the period of his enlistment, he would then have made application for transfer to the Fleet Reserve and that the 'Secretary of the Navy would have granted his application and transferred him thereto.
It is true that in the former case plaintiff applied to the Correction Board to change the character of his discharge and to permit his reenlistment and transfer to the Fleet Reserve, but we held that the refusal of the Secretary to grant his application for transfer to the Fleet Reserve did not bar plaintiff’s right to retainer pay, because presumably the Secretary’s refusal was based upon the fact that plaintiff had been given a general discharge, the validity of which at that time he had no reason to question. Hence, the Secretary’s refusal having been based upon a false premise, we thought we had a right to disregard it. What he would have done had he known the discharge was invalid, of course we do not know.
After our judgment in the former case holding his discharge to have been invalid, plaintiff made another application for transfer to the Fleet Reserve and this was denied by the Correction Board and the Secretary of the Navy. This action, however, was not grounded upon plaintiff’s discharge, because we had held that it was invalid. It was denied notwithstanding the invalidity of his discharge; it was grounded on the fact that the Secretary regarded him as unsuitable for transfer.
The basis for the Secretary’s two refusals to grant plaintiff a transfer was, therefore, different,, and, hence, the facts in the two cases are not the same, and the doctrine of collateral estoppel does not apply.
*465 It is well settled that plaintiff is not entitled to retainer pay as a Fleet Reservist until he has been transferred to the Fleet Reserve by the Secretary. Section 204 of the Naval Reserve Act of 1938, 52 Stat. 1375, 1179, as amended by section 2 of the Act of August 10, 1946, 60 Stat. 993, provides that members of the Navy “may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years’ active Federal service.” But in the case of Murphy v. United States, 165 Ct. Cl. 156, cert. denied 379 U.S. 922 (1964), we said that the Secretary of the Navy was not required to so transfer an applicant, where the applicant was under charges or who had become involved in discreditable activities at or near the end of his service. In that case we said [165 Ct. Cl. at 159-60]:
We do not think that the Secretary was without authority to refuse to accord plaintiff the benefits of section 204 of the Naval Reserve Act of 1938. Both counsel have advised us that the long-continued practice of the Navy in cases of this kind has been to deny a transfer to enlisted men with more than 20 years’ service who were under charges or who had become involved in discreditable activities at or near the end of their service. That interpretation of the statute, long continued, and, so far as we know, -unchallenged successfully, is entitled to respect. As applied to a person who is absent without leave for ten years and never voluntarily returned to his post of duty, we think it cannot be successfully assailed. Sections 203 and 204 were never intended to confer on such a person the right to demand transfer to the Fleet Reserve.
Plaintiff had been arrested and tried in California, charged with “child molesting,” but after the trial the charge was reduced to “contributing to the delinquency of a minor,” of which offense he was convicted. He was then sent to a hospital for observation to determine whether or not he was a sexual psychopath. In our opinion conviction for the above-named offense was ample reason for the Secretary to refuse to transfer him.
Since plaintiff’s present suit is a different suit from the former one, res judicata does not apply; nor is defendant collaterally estopped by our former judgment becaiise the *466 facts in the two cases are different. Commissioner v. Sunnen, 333 U.S. 591 (1948).
Accordingly, on defendant’s motion, plaintiff’s petition is dismissed.